IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 1:11CR00026-003 |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| DAMON DOCK, | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Zachary T. Lee, Assistant United States Attorney, Abingdon, Virginia, for United States; Damon Dock, Pro Se Defendant.*

This matter is before the court on numerous motions filed by the defendant, Damon Dock, Sr., who is also known as "Corky." Dock filed a motion for reconsideration (ECF No. 442) of the magistrate judge's order (ECF No. 431) denying Dock's motion for production of trial transcripts and case documents (ECF No. 423) and motion for clarification (ECF No. 430), which sought discovery.[1] The magistrate judge determined that discovery was premature and that transcripts did not need to be produced at that early stage of the proceeding in order to be appended to Dock's § 2255 motion, pursuant to Rules 2, 6, and 7 of the Rules Governing Section 2255 Proceedings.[2] Because the magistrate judge's

---

[1] The court designated the magistrate judge to hear and determine these motions pursuant to 28 U.S.C. § 636(B)(1)(A).

[2] By separate order the same day, the magistrate judge ordered the United States to respond to Dock's § 2255 motion.

decisions were not clearly erroneous or contrary to law, Dock's motion for reconsideration (ECF No. 442) is denied.

Before the United States' responded to the § 2255 motion, Dock filed a Motion For Leave to Amend § 2255 Petition Exhibit List (ECF No. 444). Dock wants to include three documents with the § 2255 motion: a letter between Dock's counsel and the prosecuting attorney, an excerpt from a police report, and a letter to Dock from Dock's counsel. Pursuant to Rule 15, the motion to amend (ECF No. 444) is granted, the United States has twenty-one days to respond to the amended exhibits, and Dock has fourteen days thereafter to reply only as to the United States' response about the amended exhibits.

After the United States filed its response, Dock filed a Supplemental and Amended Motion for Production of Trial Transcripts and Case Discovery Documents (ECF No. 453). Dock requests transcripts of proceedings held on July 16 and August 12, 2012, to demonstrate the reasons trial counsel was dismissed from the case, establish the court date that trial counsel was supposed to call certain witnesses and did not, and support Dock's assertion how he advised the court that counsel was not "doing his job."[3] (Supp. and Am. Mot. for Produc. of

---

[3] Dock also asks the court to explain several docket entries the Clerk allegedly described to a "friend" as being blank. (*Id.* at ¶ 5.) Docket entries 244, 245, 292, 293, and 294 are, respectively, Oral Order granting a continuance of the sentencing hearing, a Notice that rescheduled the sentencing hearing, Oral Motion to Substitute Attorneys, a

-2-

Trial Tr. and Case Disc. Docs. ¶ 3, ECF No. 453.) Dock posits that he is unable to fully properly reply to the United States' Motion to Dismiss without these transcripts.[4] (*Id.* at ¶ 4.)

Regarding the transcript for the hearing on July 16, 2012, it is already a part of the record, and there is no need to provide copies of the entire transcript. The sentencing hearing for Dock and Dock's son, a codefendant, was scheduled that day, and after a brief discussion between Dock, trial counsel, and the court, the court continued Dock's sentencing hearing until a later date. The following exchange occurred after the court asked Dock if he and counsel had read and discussed the Presentence Report:

> DOCK, SR.: No, not all of it.
>
> THE COURT: So, you haven't reviewed all of the pre-sentence report?
>
> DOCK, SR.: He was supposed to come see and, and have a phone conference with me and he never did.
>
> THE COURT: [Trial Counsel], you need to review the pre-sentence report with your client in total.
>
> [TRIAL COUNSEL]: Your Honor, I had actually driven to Salem and met with him at the jail. We did go through with it. I'll be happy to meet with him again to address any concerns that he may have.

---

Minute Entry on the hearing for the Motion to Substitute Attorneys, and Oral Order granting the Motion to Substitute Attorneys.

[4] The United States did not reference these transcripts in support of its Motion to Dismiss.

-3-

> THE COURT: All right. Very well. Mr. Dock, [Jr.,] have you and your lawyer read and discussed the pre-sentence report?
>
> DOCK, JR.: Yes, Your Honor.
>
> THE COURT: All right. Well, why don't we do this. Let's take, we'll pass by Mr. Damon Dock, [Sr.,] Corky's case, and [Trial Counsel], if you would review the pre-sentence report again with your client, and we'll get back to you as soon as you've had a full opportunity to do that.
>
> [TRIAL COUNSEL]: Okay. Thank you.
>
> THE COURT: Mr. Marshal, if you would remove [Dock, Sr.]. All right . . . .

(Sentencing Hr'g Tr. 2:16—3:16, July 16, 2012, ECF No. 339.) Neither Dock nor trial counsel participated in the hearing after that exchange.

The court notes that no proceeding was held on Sunday, August 12, 2012, and the court understands Dock's request to mean the twelve-minute hearing held on August 10, 2012, granting the Motion to Substitute Counsel. Finding that some statements by Dock and counsel during the hearing on the Motion to Substitute Counsel may be relevant and probative to the adjudication of the United States' Motion to Dismiss, the court orders the Clerk to prepare a transcript of the hearing promptly. Dock's Motion to Stay Section 2255 Proceedings (ECF No. 459) is granted to the extent that the court will not adjudicate the United States' motion to dismiss until after the transcript is prepared.

-4-

For these reasons, it is hereby **ORDERED** as follows:

1. Dock's motion for reconsideration (ECF No. 442) is DENIED;

2. Dock's Motion For Leave to Amend § 2255 Petition Exhibit List (ECF No. 444) is GRANTED, the United States has twenty-one days to respond to the amended exhibits, and Dock has fourteen days thereafter to reply only as to the United States' response about the amended exhibits;

3. Dock's Supplemental and Amended Motion for Production of Trial Transcripts and Case Discovery Documents (ECF No. 453) is GRANTED as to the hearing held on August 10, 2012, and DENIED as to the hearing held on July 16, 2012;

4. Dock's Motion to Stay Section 2255 Proceedings (ECF No. 459) is GRANTED to the extent that the court will not adjudicate the United States' motion to dismiss until after the transcript is prepared;

5. The clerk will produce transcripts of the hearing held on August 10, 2012, promptly; and

6. The clerk will send copies of this Order to Dock and counsel for the United States.

ENTER: May 21, 2015

/s/ James P. Jones
United States District Judge