IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | Case No. 1:11CR00026-003 |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **DAMON DOCK,** *a/k/a "Corky"*, | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Damon Dock, Pro Se Defendant.*

The defendant has filed a pro se Motion to Reduce Sentence, in which he contends that his sentence of supervised release must be reduced to five years, rather than the ten years as recited by the court at sentencing and contained in his judgment of conviction. Tr. 67, ECF No. 359; J. 3, ECF No. 335.

The defendant is mistaken. While the offense for which the defendant was convicted provides for a *minimum* of five years of supervised release, 21 U.S.C. § 841(b)(1)(A), it provides that the supervised release term must be "at least" five years. *Id.* A longer term, up to life, is not prohibited. As the court explained at the defendant's sentencing on September 24, 2012:

> I will also say that the period of time of supervision, I believe, is necessary because of the defendant's longstanding drug addiction and criminal record in order to make sure that he is able to reenter society without further violations. Based on his history of violating supervision I believe that a lengthy term of supervision is necessary.

Tr. 68, ECF No. 359.

Accordingly, it is **ORDERED** that the defendant's motion, ECF No. 541, is DENIED.

ENTER: March 16, 2020

/s/  JAMES P. JONES
United States District Judge